IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD DALE POULLARD, | § § | |
| *Petitioner*, | § § | |
| v. | § § | Civil Action No. H-10-1274 |
| RICK THALER, | § § § | |
| *Respondent*. | § § | |

## MEMORANDUM OPINION AND ORDER

Petitioner, a state inmate proceeding *pro se*, filed this section 2254 lawsuit challenging his 1990 state felony convictions. Respondent filed a motion to dismiss based on expiration of limitations, and certified that a copy of the motion was served on petitioner at his address of record that same day. (Docket Entry No. 5.) To-date, and despite expiration of a reasonable period of time in excess of forty days, petitioner has failed to file, or request additional time to file, a response to the motion to dismiss.

Based on consideration of the record, the motion, and the applicable law, the Court **GRANTS** the motion to dismiss and dismisses this case as barred by limitations.

## I. BACKGROUND AND CLAIMS

Petitioner was convicted of two counts of aggravated robbery in 1990 in Harris County, Texas. The convictions were affirmed on appeal, and discretionary review was refused in 1992. The Texas Court of Criminal Appeals denied petitioner habeas relief in 1994, and dismissed his 2000 application for state habeas relief as an abuse of the writ.

Petitioner subsequently filed the instant federal habeas petition in April of 2010, asserting that his prior convictions and enhancements were void, and that his state habeas application was improperly dismissed. Respondent argues that this petition should be dismissed as barred by the applicable one-year statute of limitations. As previously stated, petitioner has not responded to the motion.

## II. ANALYSIS

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

>    (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1)-(2). Because AEDPA did not become effective until April 24, 1996, and petitioner was convicted prior to that date, his deadline for seeking federal habeas relief was April 25, 1997. *See Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998); *see also Moore v. Cain*, 298 F.3d 361, 365 (5th Cir. 2002). Petitioner's state habeas applications provided him no tolling effect, as they were filed either prior to the AEDPA effective date or after expiration of limitations under *Flanagan* and *Moore*. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding that a state habeas application filed after expiration of federal limitations has no tolling effect).

The record does not establish that petitioner was subject to state action that impeded him from filing the instant petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly-recognized constitutional right upon which the petition is based, nor is there a factual predicate for a claim that could not have been discovered previously if petitioner had acted with due diligence. *See* 28 U.S.C. §§ 2244(d)(1)(C), (D). Nor are any grounds for application of equitable tolling shown. Consequently, the record establishes that the instant petition is barred by limitations.

Although not addressed by respondent, the Court notes that petitioner's claims regarding his state habeas proceedings do not present cognizable grounds for federal habeas relief. *See Morris v. Dretke*, 2004 WL 49095, at *6 (5th Cir. 2004) (noting that the Fifth Circuit Court of Appeals has continuously rejected the argument that state habeas statutes create a federal right enforceable on habeas review). Accordingly, those claims are dismissed for failure to state a claim.

### III. CONCLUSION

Respondent's motion to dismiss (Docket Entry No. 5) is **GRANTED**. The petition for a writ of habeas corpus is **DENIED**, and this case is **DISMISSED WITH PREJUDICE** as barred by limitations and for failure to state a claim. Any and all pending motions are **DENIED** as moot. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

**SIGNED** at Houston, Texas on the 13th day of August, 2010.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

4